UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

CLAUDIA NAVARRO,

  Plaintiff,

v.

BRIGHTSTAR CREDIT UNION,

  Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiff, CLAUDIA NAVARRO, by and through her undersigned counsel, sues the Defendant, BRIGHTSTAR CREDIT UNION, and alleges as follows:

## JURISDICTION AND VENUE

  1. This is an action for damages and to remedy violations of the rights of CLAUDIA NAVARRO under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760" or the "FCRA")), to redress injuries done to her by the Defendant, BRIGHTSTAR CREDIT UNION ("Defendant").

  2. The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

  3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County Florida and is otherwise *sui juris*.

4.      As a female born in Columbia, Plaintiff is a member of a protected class under Title VII and Chapter 760, because the terms, conditions, and privileges of her employment were altered because of her gender and national origin.

5.      Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6.      Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and Chapter 760 (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7.      Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

8.      Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9.      Plaintiff was issued a Notice of Right to Sue on February 16, 2021. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

10.      The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

11.      Defendant hired Plaintiff on July 23, 2018 as a consumer underwriter. Despite the Plaintiff's excellent review, the Defendant wrongfully terminated her on September 15, 2019.

12.      The Plaintiff's job duties were consumer loan underwriting.

13.      Plaintiff was qualified for the position she had based on her experience and training.

2

14.     As the Defendant is aware, Plaintiff is a woman born in Colombia.

15.     Around October/November 2018, Defendant relocated Mr. David Birulin (white American), Vice President of Lending for the Defendant, to Plaintiff's location. Mr. Birulin immediately began commenting about the Plaintiff's accent. He regularly said that he couldn't understand the Plaintiff because of her accent. After several of these comments, the Plaintiff began emailing Mr. Birulin in the hopes of stopping these discriminatory remarks.  When the Plaintiff emailed him, he claimed that he could not understand her writing. In other words, either way the Plaintiff lost.

16.     Mr. Birulin also sexually harassed the Plaintiff. He made comments about how pretty her hair was. One day as the Plaintiff was walking out of the bathroom to go back to the main office, Mr. Birulin approached her and came very close to her, invading personal space. The Plaintiff was cornered in and could not move because of how close he was to her. He said how nice the Plaintiff's hair looked and that he liked the color. The Plaintiff notified Mr. Michael Higgins, lending manager, of this harassing incident immediately afterwards.

17.     Around the end of November 2018, the Plaintiff complained to Mr. Higgins again regarding Mr. Birulin's continued discriminatory behavior. Mr. Higgins apologized for what the Plaintiff experienced and told her to come to him in the future if she had any more problems and to also voice her concerns on the company hotline. The Plaintiff called the number he gave her and expressed that she was being discriminated against due to her accent and for being a woman. Around December 2018, Mr. Higgins also reported Mr. Birulin to Human Resources.

18.     It wasn't until January 2019 that Defendant took any action to even attempt an investigation.  Ms. Panzina Hill, Human Resources, called the Plaintiff to schedule a meeting to discuss her complaints of discrimination. During the interview, the Plaintiff thoroughly explained

how Mr. Birulin was discriminating against her. Ms. Hill explained that she had to follow a specific protocol that included conducting an investigation, but that she would get back to the Plaintiff. She asked if the Plaintiff had complained on the company hotline and the Plaintiff confirmed that she had. Unfortunately, nothing came out of this meeting as Ms. Hill never got back to the Plaintiff.

19.     Two months after Plaintiff's meeting with Ms. Hill, Defendant terminated Mr. Higgins due to purported "performance issues."

20.     In February 2019, the Defendant assigned Ms. Yolanda Negron, mortgage manager, some additional duties that required her to work directly with Mr. Birulin and the Plaintiff. That same month, Ms. Negron pulled the Plaintiff into her office and told the Plaintiff that she was no longer alone. Ms. Negron claimed to be aware of everything that had transpired between Mr. Birulin and the Plaintiff. She told the Plaintiff not to go to Mr. Birulin anymore and, instead, to speak directly with her. She said that if Mr. Birulin continued to discriminate against the Plaintiff, Ms. Negron would go to Human Resources on her behalf in an effort to stop the discriminatory behavior.

21.     Mr. Birulon also had problems with Milagro, a female assistant manager. It was clear that Mr. Birulin had a problem with women in general. Ms. Negron expressed to the Plaintiff and Milagro in a meeting that they were not to be "fearful" anymore and that she was on their side.

22.     After the meeting, Ms. Negron, Gary, a collections manager, and others went to Human Resources to voice their concerns about Mr. Birulin.

23.     Around the end of February 2019, Mr. Birulin called a company meeting and apologized to the team if he ever spoke "fresh" to anyone. He said that he felt like everyone was a big family so sometimes he may have sounded like a father or husband to people. After the

4

company meeting, Mr. Birulin began retaliating against the Plaintiff. He became very cold, rude, and condescending towards her and he started micromanaging her.

24.     In May 2019, customers whose loans were denied called and left threatening messages for the Plaintiff. The Plaintiff reported the threats to Mr. Birulin who repeatedly laughed it off. .

25.     In May 2019, the Defendant terminated Ms. Negron for alleged "poor performance" despite having given her additional responsibilities only a few months prior. The next month, the Defendant also terminated Gary. The Defendant was methodically retaliating against those employees who reported Mr. Birulin.

26.     In August 2019, the Plaintiff was set to leave on her two-week vacation that had been approved by Higgins in December 2018. Mr. Birulin denied knowing about the vacation and said that nothing Mr. Higgins did was valid. He then contradicted himself and allowed her to go on her vacation.

27.     Mr. Birulin hired Amy (white American) in the position of lending manager as a replacement for Mr. Higgins.

28.     On September 15, 2019, the day before the Plaintiff returned to work from her vacation, Amy terminated the Plaintiff's employment via text message. The next day, the Plaintiff met with Amy and someone from Human Resources. Amy claimed that the Defendant terminated the Plaintiff because she had changed some figures in order to obtain approval of some loans. The Plaintiff changed the figures in accordance with Mr. Birulin's regularly changing guidelines. The Plaintiff neither violated the Defendant's policy in making the changes nor did she do anything illegal. The Defendant terminated the Plaintiff in retaliation for voicing her complaints about Mr. Birulin.

29.     Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

### COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of National Origin)**

30.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

31.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Defendant discriminated against Plaintiff on the basis of her national origin, Columbian.

32.     Mr. Birulin, Ms. Hill, and Amy, at all times relevant, were acting within the course and scope of their employment for Defendant.

33.     Because Plaintiff is Columbian, she was discriminated against by management, and the Defendant refused to take any action to prevent the discrimination.

34.     Upon information and belief, non-Columbian, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

35.     Upon information and belief, non-Columbian, similarly situated employees are not permitted to be harassed by management.

36.     Upon information and belief, the Defendant takes seriously the complaints of non-Columbian, similarly situated employees.

37.     Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff being discriminated against.

38.     Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

39.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964.  Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.  Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, injury to her professional reputation, emotional pain and suffering caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's costs, fees, interest, and such other relief as the Court deems just and appropriate.

### COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of National Origin)**

40.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

41.     The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

42.     Mr. Birulin, Ms. Hill, and Amy, at all times relevant, were acting within the course and scope of their employment for Defendant.

43.     Because Plaintiff is Columbian, she was discriminated against by management, and the Defendant refused to take any action to prevent the discrimination.

44.     Upon information and belief, non-Columbian, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

45.     Upon information and belief, non-Columbian, similarly situated employees are not permitted to be harassed by management.

46.     Upon information and belief, the Defendant takes seriously the complaints of non-Columbian, similarly situated employees.

47.     At all relevant and material times, Defendant failed to comply with the FCRA.

48.     At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

49.     The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

50.     Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her national origin in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

51.     Plaintiff's discrimination was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she is a Columbian, in violation of the FCRA.

52.     Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's national origin.

53.     Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her national origin.  The discrimination based on national origin constitutes unlawful discrimination.

54.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, punitive damages, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, punitive damages, interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Discrimination on the Basis of Gender)

55.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

56.     Plaintiff brings this action under Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated based on her gender, female.

57.     Mr. Birulin, Ms. Hill, and Amy, at all times relevant, were acting within the course and scope of their employment for Defendant.

58.     Because Plaintiff is a woman, she was discriminated against by management, and the Defendant refused to take any action to prevent the discrimination.

9

59.     Upon information and belief, similarly situated male employees are not treated in the same manner as Defendant treated Plaintiff.

60.     Upon information and belief, similarly situated male employees are not permitted to be harassed by management.

61.     Upon information and belief, the Defendant takes seriously the complaints of similarly situated male employees.

62.     Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff being discriminated against.

63.     Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

64.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, injury to her professional reputation, punitive damages, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964, §706(g); attorney's fees, costs, together with interest thereon, and such other relief as the Court deems just and appropriate.

10

## COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Discrimination on the Basis of Gender)

65.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

66.     The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

67.     The Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.

68.     Plaintiff is a woman, and therefore a member of a protected class.

69.     Mr. Birulin, Ms. Hill, and Amy, at all times relevant, were acting within the course and scope of their employment for Defendant.

70.     Because Plaintiff is a woman, she was discriminated against by management, and the Defendant refused to take any action to prevent the discrimination.

71.     Upon information and belief, similarly situated male employees are not treated in the same manner as Defendant treated Plaintiff.

72.     Upon information and belief, similarly situated male employees are not permitted to be harassed by management.

73.     Upon information and belief, the Defendant takes seriously the complaints of similarly situated male employees.

74.     At all relevant and material times, Defendant failed to comply with the FCRA.

75.     At all times relevant, including at the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was a woman.

76.     At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

77.     The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

78.     Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her being a woman in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

79.     Defendant's treatment of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she is a woman, in violation of the FCRA.

80.     Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff being a woman. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her sex. The discrimination on the basis of sex constitutes unlawful discrimination.

81.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against the Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety,

humiliation, and emotional distress, punitive damages, prejudgment and post-judgment interest, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT V: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Retaliation)

82.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

83.     Plaintiff had the right to voice her grievances to the Defendant regarding the fact that she was being discriminated against.

84.     When Defendant terminated the Plaintiff, it retaliated against Plaintiff for exercising her rights.

85.     Mr. Birulin, Ms. Hill, and Amy, at all times relevant, were acting within the course and scope of their employment for Defendant.

86.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964.

87.     Upon information and belief, Defendant's unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff. Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of those in direct contact with Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum to be determined at trial.

88.     Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of Title VII of the Civil Rights Act of 1964; (b) grant

Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff punitive and compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Retaliation)

89.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29 inclusive, as though same were fully re-written here.

90.     Plaintiff had the right to voice her grievances to the Defendant regarding the fact that she was being discriminated against.

91.     When Defendant terminated the Plaintiff, it retaliated against Plaintiff for exercising her rights.

92.     Mr. Birulin, Ms. Hill, and Amy, at all times relevant, were acting within the course and scope of their employment for Defendant.

93.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

94.     Upon information and belief, Defendant's unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff. Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful

conduct of those in direct contact with Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum to be determined at trial.

95.     Plaintiff has engaged the undersigned attorneys to prosecute her claim and is entitled to recover her attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of the FCRA; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with the FCRA; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff punitive and compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 17th day of May, 2021.

By:  /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff